■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. TILLMAN, Appellant. [688 NYS2d 276] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered December 5, 1997, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree.

In the early evening of December 26, 1996 defendant, armed with a knife, entered a convenience store in the City of Hudson, Columbia County, and began stabbing a patron of the store. The owner and another patron tackled and subdued defendant, who was then arrested by Hudson police officers who had arrived at the scene.

As the result of a court-ordered examination pursuant to CPL 730.30, defendant was found to be an incapacitated person and was committed to the custody of the Commissioner of Mental Health. While defendant was so confined, a Grand Jury rendered an indictment charging him with the crimes of assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. Thereafter, a second examination of defendant resulted in a finding that he was competent to stand trial. Following a competency hearing, at which the People and defendant offered expert testimony, County Court concluded that defendant indeed was competent to stand trial. At the conclusion of the jury trial that followed, at which defendant raised the affirmative defense of lack of

responsibility by reason of mental disease or defect, defendant was found guilty of assault in the second degree and criminal possession of a weapon in the fourth degree; he was sentenced to, *inter alia*, an indeterminate term of imprisonment of 2½ to 5 years. This appeal ensued.

Initially, defendant contends that County Court erred in determining that he was competent to stand trial. We disagree. At the competency hearing, two medical experts testified on behalf of the People, both of whom were of the opinion that defendant was competent. While defendant's expert opined to the contrary, he also indicated that defendant did well on an informal mental status examination, that defendant's IQ appeared to be in the superior range and that defendant was able to think abstractly. Reduced to the simplest terms, County Court was faced with conflicting expert evidence and chose to credit the People's experts, a determination with which we are loath to interfere.

Defendant next contends that the conviction was against the weight of the evidence in view of the expert testimony offered regarding his lack of criminal responsibility by reason of mental disease or defect. Again, we disagree. It is axiomatic that where, as here, there is conflicting expert evidence, the issue of a defendant's criminal responsibility is for the jury to resolve (*see, People v Justice*, 173 AD2d 144, 146), absent any "serious flaw" in the testimony offered by the People's expert (*see, People v Enchautegui*, 156 AD2d 461, *lv denied* 76 NY2d 787). No such flaw is present here and, upon our review of the record, we are unable to conclude that the jury, in accepting the opinion of the People's expert, failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.