■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. HAWKE, Appellant. [705 NYS2d 413] —Mercure, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 22, 1998, which revoked defendant's probation and imposed a term of imprisonment.

In 1993, defendant was sentenced to community service and five years' probation upon his conviction of driving while intoxicated as a felony. In November 1997, after defendant was charged with aggravated unlicenced operation of a motor vehicle in the first degree and two counts of driving while intoxicated as a felony, defendant was served with a probation violation petition charging him with violating the terms of his probation by failing to obey the law and consuming alcoholic beverages. Defendant pleaded guilty to two counts of driving while intoxicated as a felony and subsequently admitted to the allegations of the probation violation petition. As a result, County Court revoked defendant's probation and sentenced him to a prison term of 1 to 4 years, to run consecutively to the 2 to 6-year prison sentence he was then serving on the two driving while intoxicated convictions. Defendant appeals.

We are unpersuaded by defendant's contention that the consecutive sentence imposed by County Court was harsh and excessive. Our review of the record discloses that County Court considered all of the relevant factors and made an appropriate decision to impose a consecutive sentence within the statutory parameters (*see*, Penal Law § 70.25 [2-a]; *People v Allen*, 252 AD2d 682). Although defendant completed the community service portion of his sentence and apparently attempted to address his alcohol abuse problem, the sentence imposed was not harsh and excessive in light of defendant's history of alcohol-related driving offenses and the fact that the present violation occurred while defendant was on restored probation status following a previous probation violation (*see*, *People v McNeil*, 268 AD2d 611; *People v Mitchell*, 242 AD2d 795; *People v Regan*, 233 AD2d 615, 616). Finding no abuse of discretion or extraordinary circumstances warranting our intervention, we decline to disturb the sentence imposed (*see*, *People v Feliciano*, 247 AD2d 654, 655; *People v Hollenbeck*, 234 AD2d 824, 825, *lv denied* 89 NY2d 986).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.