■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JEFFREY, Appellant. [715 NYS2d 781] —Crew III, J. P. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 1, 1999, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, attempted aggravated assault upon a peace officer, assault in the second degree and promoting prison contraband in the first degree.

Defendant was indicted and charged in a four-count indictment with the crimes of attempted murder in the first degree, attempted aggravated assault, assault in the second degree and promoting prison contraband in the first degree, all arising out of an incident that occurred on July 7, 1998 at Elmira Correctional Facility in Chemung County. Following defendant's arraignment, County Court ordered an examination to determine defendant's fitness to proceed pursuant to CPL 730.30. Upon receiving psychiatric reports indicating defendant's competence, a CPL article 730 hearing was held, at which time the two psychiatrists who had interviewed defendant testified as to his competence. After County Court found defendant competent

to proceed, a jury trial ensued, at the conclusion of which defendant was found guilty on all four counts of the indictment and sentenced to, *inter alia*, an indeterminate term of imprisonment of 25 years to life. Defendant now appeals, challenging only County Court's determination of his fitness to proceed to trial.

We affirm. Defendant initially contends that the reports submitted to County Court by the court-appointed psychiatrists were inadequate because they failed to indicate a review of defendant's prior history of mental disabilities. Suffice it to say that there is no record evidence that defendant indeed had any prior history of mental illness.

Next, defendant contends that the psychiatric examinations were patently insufficient in that there was no inquiry of defendant's understanding of the charges against him and the judicial process in general. We disagree. The record makes plain that during the course of the interview by the two psychiatrists, defendant was asked numerous questions regarding his background and the reason for his current incarceration, during which time defendant was cooperative and responded appropriately. However, upon learning that the purpose of the interview was to determine his competency to stand trial, defendant refused to answer any further questions, including those regarding who his attorney was and the judicial process. Both psychiatrists concluded, on the basis of their interview, that defendant knowingly declined to discuss the charges pending against him, that he would be able to testify and that he understood the judicial process sufficiently to proceed. Based upon the aforesaid reports and the testimony of the psychiatrists at the CPL article 730 hearing, County Court determined that defendant was fit to proceed, a determination that we decline to disturb. We have examined defendant's remaining contentions and find them to be equally without merit.

Spain, Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.