■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME KENNY BANNISTER, Appellant. [728 NYS2d 164] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 15, 1998, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried, *inter alia,* for the rape of a 15-year-old prostitute. During the trial he made statements indicating that he might commit suicide. The following day, defense counsel moved for a mistrial, stating that the defendant had attempted suicide the previous night and that the defendant, who had been expected to testify in his own defense, was now unwilling to testify. The court denied the motion for a mistrial, and the defendant was subsequently convicted of rape in the first degree and sodomy in the first degree.

The defendant's contention that the court erred in failing to order, *sua sponte,* a second psychiatric evaluation of him pursuant to CPL 730.30 upon defense counsel's motion for a mis-

trial is without merit. "Ordering a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court" (*People v Morgan,* 87 NY2d 878, 879; *see, People v Tortorici,* 92 NY2d 757, *cert denied* 538 US 834). Here, the defendant had already undergone such a psychiatric evaluation prior to trial and was found competent to stand trial, and his alleged suicide attempt and subsequent refusal to testify did not indicate that he lacked the "capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]; *see, People v Tortorici, supra; People v Morgan, supra,* at 880 [the trial court has no obligation to order a psychiatric examination unless it has reasonable ground to believe that the defendant was an incapacitated person]; *People v Smyth,* 3 NY2d 184, 187).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.