■ ALEJANDRO SANCHEZ, Respondent, v MARYANN FINKE, Respondent, and JEWISH HOME & HOSPITAL-BRONX DIVISION, HARRY & JEANETTE WEINBERG CAMPUS, Appellant. [733 NYS2d 387] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 12, 2001, which, *inter alia*, denied the motion of defendant Jewish Home & Hospital for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

According to the complaint, the vehicle owned by defendant Finke, while unattended in the driveway of defendant-appellant's facility, rolled into plaintiff causing him to sustain injuries. While defendant-appellant does not dispute that the key to the car had been given by defendant Finke to its attendant prior to the accident, it maintains that, notwithstanding the bailment, it did not have actual control over the vehicle since the bailment, at the time of the accident, was only 30 seconds to one minute old, and, accordingly, that it was defendant Finke's negligence in parking the vehicle just prior to the bailment that was the accident's proximate cause. Finke, however, has testified that she was not advised of the accident for 40 minutes after she had left the car with the attendant. The conflicting testimony as to the length of time between the creation of the bailment and the vehicle's forward roll into plaintiff presents material factual issues on the issue of causation inappropriate for resolution on summary judgment (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659), particularly since resolution of the outstanding factual issues will entail the making of credibility determinations, a function properly left to the trier of fact (*see, Davis Acoustical Corp. v Matzen Constr.*, 57 AD2d 1018). Concur—Nardelli, J. P., Williams, Mazzarelli, Lerner and Friedman, JJ.