■ SHADIA ELAMIN, Respondent, v ROBERTS EXPRESS, INC., et al., Appellants. [735 NYS2d 549] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered April 6, 2001, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Conflicting deposition testimony as to whether, as plaintiff claims, she was struck by defendants' vehicle while crossing the street, or whether, as defendants claim, the vehicle stopped before she came in contact with it, raises an issue of credibility inappropriate for resolution on a motion for summary judgment (*see, Sanchez v Finke*, 288 AD2d 122). Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BALDWIN, Also Known as RAYMOND BALLARD, Appellant. [735 NYS2d 777] —Judgments, Supreme Court, New York County (Budd Goodman, J.), rendered May 8, 1998, convicting defendant, upon his pleas of guilty, of criminal contempt in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, and resentencing him, after a hearing, to a consecutive term of 1 to 3 years upon a finding that he violated the terms of his probation, unanimously affirmed.

This defendant having violated his probation was resentenced for his underlying crime. In this case, the more recent crimes which gave rise to his probation violation were separate and distinct from the 1995 conviction on which the probation sentence was based. Therefore, there is no merit to defendant's claim under Penal Law § 70.25 (2) and no question that a consecutive sentence was properly imposed for the crime underlying his violation of probation. We perceive no basis for a reduction of sentence in the interest of justice. Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.