■ FRANK MIRAGLIA, Appellant, v H&L HOLDING CORP., Respondent. (And a Third-Party Action.) [759 NYS2d 678] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 21, 2002, which, inter alia, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff, while employed as a construction laborer, was injured when he fell from planks used to span a trench and provide access to foundation walls. While it is plain that the planks, which broke under plaintiff's weight, did not provide protection in accordance with the requirements of Labor Law § 240 (1), plaintiff's motion for summary judgment as to liability upon his Labor Law § 240 (1) claim was nonetheless properly denied since a factual issue was raised by defendant as to whether plaintiff, by using the planks, cast himself as a "recalcitrant worker" (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Plaintiff's employer testified that, on the day preceding the accident, plaintiff was repeatedly instructed not to use the planks to reach the foundation walls but instead to approach the foundation walls by using ladders placed around the perimeter of the excavation to descend into and climb up out of the trench on the far side. Although plaintiff disputes whether use of the ladders constituted a practical alternative to use of the planking and denies having been instructed not to use the planking, resolution of the resulting credibility issues would be inappropriate on a motion for summary judgment (*see Elamin v Roberts Express*, 290 AD2d 291 [2002]). Concur—Tom, J.P., Sullivan, Rosenberger, Wallach* and Gonzalez, JJ.