■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. LA BROSSE, Appellant. [777 NYS2d 543]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 22, 2002, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and grand larceny in the fourth degree (two counts).

After defendant was indicted for murder in the second degree and two counts of grand larceny in the fourth degree, County Court ordered an examination pursuant to CPL 730.30 to determine defendant's competency to stand trial. Based on assessments conducted in July 2001, two psychologists reported that they found defendant to be an incapacitated person. When no hearing was requested, County Court issued an order of commitment placing him in the custody of the Commissioner of Mental Health for a period of one year. Shortly thereafter, based on assessments conducted in late August 2001, two different examiners reported that they found defendant to no longer be an incapacitated person and to be competent to stand trial. Upon receiving these reports, County Court conducted a hearing—at which defendant called no witnesses—and ultimately found that defendant was fit to stand trial. During trial, defendant pleaded guilty to all charges contained in the indictment and waived his right to appeal. He was thereafter sentenced in accordance with the plea agreement to prison terms of 15 years to life on the murder conviction and concurrent terms of $1^1/_3$ to 4 years on the grand larceny convictions. This appeal ensued.

Defendant's sole argument, which cannot be waived (*see People v Seaberg*, 74 NY2d 1, 9 [1989]), is that County Court erred in concluding that he was competent to stand trial. We disagree. The psychiatrist and psychologist who examined defendant most recently testified at the competency hearing. They stated that defendant was diagnosed with an antisocial personal-

ity disorder and an impulse control disorder for which he was medicated, but that neither of these disorders rendered him unfit to stand trial. They indicated that defendant was cooperative during the examinations, did not exhibit signs that he was psychotic or clinically depressed and demonstrated a logical thought process. They further opined that he understood the nature of the charges against him, was able to assist in his own defense and was, therefore, competent to proceed to trial. Inasmuch as their testimony provided ample support for County Court's conclusion that defendant was competent to stand trial, we find no reason to disturb its finding (*see People v Jeffrey*, 277 AD2d 714, 715 [2000]; *People v Tillman*, 260 AD2d 656, 657 [1999]). Although defendant now complains that the two examiners who earlier provided a different opinion concerning his competency did not testify at the hearing, he chose not to call them as witnesses and County Court was not obligated to do so (*see People v Cooper*, 298 AD2d 131, 132 [2002], *lv denied* 99 NY2d 581 [2003]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.