■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BRODSKY, Appellant. [790 NYS2d 776]—

Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered November 6, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

The facts of this case are more fully set forth in the companion case involving defendant (*People v Brodsky*, 16 AD3d 843 [2005]). On this appeal, he limits his challenge to the severity of the sentence imposed by County Court. First, he asserts that the imposition of consecutive sentences upon his convictions of aggravated cruelty to animals, which is the subject of the companion case, and the charge underlying his probation violation was illegal because both convictions arose from the same criminal act. As this challenge concerns the legality of the sentence, our review is not foreclosed by defendant's knowing, voluntary and intelligent waiver of his right to appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]). There is no merit to this argument. Penal Law § 70.25 (2) provides that concurrent sentences must be imposed where "more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (*see People v Laureano*, 87 NY2d 640, 643 [1996]). Here, although defendant's commission of the crime of aggravated cruelty to animals resulted in his probation violation, the criminal act underlying the probation was defendant's commission of the crime of attempted burglary in the third degree. As these were clearly distinct criminal acts,

consecutive sentences were authorized (*see People v Baldwin*, 290 AD2d 291 [2002]; *see also People v Hawke*, 270 AD2d 646 [2000]).

Defendant's further claim that the sentence is harsh and excessive is not preserved for our review due to his knowing, voluntary and intelligent waiver of the right to appeal (*see People v Clow*, 10 AD3d 803, 804 [2004]). Furthermore, inasmuch as defendant did not appeal from the judgment imposing a five-year period of probation in connection with his plea of guilty to attempted burglary in the third degree, his arguments concerning it have not been preserved for our review.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.