■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BRODSKY, Appellant. [790 NYS2d 778]—

Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered November 6, 2002, convicting defendant upon his plea of guilty of the crime of aggravated cruelty to animals.

Defendant was charged in a superior court information (hereinafter SCI) with aggravated cruelty to animals after he savagely killed three cats belonging to his sister by the use of an axe. At the time of the crime, defendant was serving a five-year term of probation that had been imposed in connection with his conviction of attempted burglary in the third degree, to which he had pleaded guilty. As the result of the SCI, he was also charged with violating the terms of his probation. Defendant pleaded guilty to the charge contained in the SCI as well as the probation violation and executed a waiver of his right to appeal. In exchange, County Court agreed to sentence him to a one-year period of interim probation, during which time he was to participate in the Teen Challenge Program in the City of Syracuse, Onondaga County. The court advised defendant that if he failed to fulfill the requirements of interim probation, his probation would be revoked and he could be sentenced to the maximum term of imprisonment on each of the charges, to run consecutively. After defendant refused to participate in the Teen Challenge Program, County Court found him to be in violation of his

interim probation and revoked it. Thereafter, he was sentenced to consecutive prison terms of two years for aggravated cruelty to animals and $1^1/_3$ to 4 years for attempted burglary in the third degree, the crime underlying the probation violation. He now appeals.

Initially, although defendant's challenge to County Court's failure to order a further competency examination pursuant to CPL 730.30 is not precluded by his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v La Brosse*, 7 AD3d 924, 924 [2004], *lv denied* 3 NY3d 642 [2004]), we nevertheless find this argument to be without merit. "The ordering of a CPL article 730 competency examination lies within the sound discretion of the trial court . . . and is warranted only when the court has reasonable grounds to believe that the defendant does not have the capacity to stand trial" (*People v Daley*, 302 AD2d 745, 746 [2003] [citations omitted]; *see People v Bannister*, 284 AD2d 404, 405 [2001]). Here, in August and September 2002, defendant underwent psychiatric examinations by three different physicians, all of whom opined that he did not lack the capacity to understand the proceedings or assist in his own defense as the result of a mental disease or defect. Defendant waited until sentencing a few months later to request a further competency examination, but failed to demonstrate that circumstances had changed such that another examination was warranted (*see e.g. People v Konits*, 159 AD2d 590, 591 [1990], *lv denied* 76 NY2d 738 [1990], *cert denied* 498 US 939 [1990]). Indeed, none of the witnesses defendant presented in support of his request had medical backgrounds qualifying them to assess defendant's mental competency. Under these circumstances, and particularly in view of the recent psychiatric evaluations, we find no abuse of discretion in County Court's denial of defendant's request (*see e.g. People v Mendez*, 306 AD2d 143 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Bannister, supra*).

Although defendant also challenges the severity of the sentence, this claim has not been preserved for our review due to defendant's knowing, voluntary and intelligent waiver of his right to appeal (*see People v Clow*, 10 AD3d 803, 804 [2004]). His remaining claims, to the extent they are properly before us, are unpersuasive. Accordingly, we find no reason to disturb the judgment of conviction.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.