■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. GODDEAU, JR., Appellant. [840 NYS2d 244]—

Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered July 18, 2006, (1) convicting defendant upon his plea of guilty of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to burglary in the third degree and was sentenced to five years of probation. He was subsequently charged with violating the terms of his probation after he was arrested for driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. He pleaded guilty to violating his probation and to the new criminal charges without any promise being made as to sentencing. County Court later sentenced defendant to prison terms of 1 to 3 years on all charges and directed that the prison terms on the new criminal charges run concurrent to one another but consecutive to the burglary charge. Defendant appeals.

Defendant argues that County Court erred in directing consecutive sentences because his probation violation and the new criminal charges all arose from the same act, namely, his operation of a motor vehicle while under the influence of alcohol. Although Penal Law § 70.25 (2) mandates concurrent sentences for multiple offenses committed through an act or omission that constitutes one of the offenses and is a material element of another,* this provision is inapplicable to the case at hand. Significantly, the crime of burglary in the third degree, the offense for which defendant was sentenced to probation, arose from an incident separate and distinct from the act forming the basis for his violation of probation (*see People v Brodsky*, 16 AD3d 842, 842-843 [2005]). Consequently, County Court properly directed the sentences to run consecutively.

---

* There is an exception, not applicable here, for sentences imposed for a violation of Penal Law § 270.20.

Cardona, P.J., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

