■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADITEP WHITE, Appellant. [60 NYS3d 584]—

Rose, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 19, 2014, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant waived indictment and pleaded guilty to grand larceny in the fourth degree, admitting that he stole credit card information that he later used to obtain property. The plea agreement, which satisfied other potential charges, included a waiver of appeal and provided that defendant would be sentenced to a prison term of 1⅓ to 4 years or, if he was determined to be a second felony offender, to 2 to 4 years. County Court thereafter sentenced defendant to a prison term of 1⅓ to 4 years, and he now appeals.

Initially, we agree with defendant that his waiver of appeal was not valid, as neither County Court (Pritzker, J.) nor the written waiver adequately conveyed "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Mitchell*, 144 AD3d 1327, 1328 [2016]). Defendant's challenge to his guilty plea as not knowing, voluntary or intelligent was not preserved by an appropriate postallocution motion despite the opportunity to do so, and he did not say anything during the plea allocution that triggered the narrow

exception to the preservation requirement (*see* CPL 220.60 [3]; *People v Williams*, 27 NY3d 212, 214, 219-220 [2016]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hulstrunk*, 147 AD3d 1159, 1160 [2017]). Were the issue properly before us, we would find that the plea was knowing, voluntary and intelligent (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). When defendant stated during the plea proceedings that he was taking psychiatric medication and had mental health problems, the court engaged in a detailed inquiry in which defendant provided repeated assurances that he understood the proceedings, was thinking clearly and was able to proceed, establishing that he was capable of voluntarily entering a guilty plea (*see People v Woods*, 147 AD3d 1156, 1157 [2017], *lv denied* 29 NY3d 1089 [June 14, 2017]; *People v Duffy*, 126 AD3d 1142, 1142 [2015]).

Defendant's related claim that he was deprived of the effective assistance of counsel in that counsel should not have allowed him to plead guilty given his physical and mental health problems is likewise unpreserved (*see People v Shiels*, 93 AD3d 992, 992 [2012]). In any event, the plea minutes disclose that defendant actively participated in the proceedings, coherently answered the court's questions, exhibited an understanding of the plea terms and recalled the events surrounding the crime to which he pleaded guilty. In addition to defendant's assurances that his psychiatric problems were not affecting his ability to think clearly and that he understood the proceedings, nothing in the record suggests that his ability to participate or understand was compromised. Under these circumstances, we cannot conclude that counsel was ineffective for failing to raise an issue as to defendant's competency or capacity to enter a voluntary plea (*see People v Madison*, 104 AD3d 1025, 1025 [2013]; *see also People v Alexander*, 97 NY2d 482, 486 [2002]; *People v Ricketts-Simpson*, 130 AD3d 1149, 1150-1151 [2015]). To the extent that defendant relies on matters outside the record, such as what counsel advised him, they are more properly the subject of a motion to vacate pursuant to CPL article 440 (*see People v Hall*, 147 AD3d 1151, 1153 n 2 [2017], *lv denied* 29 NY3d 1080 [June 13, 2017]).

Finally, while the invalid appeal waiver does not preclude defendant's challenge to the agreed-upon sentence as harsh and excessive, we are unpersuaded that a reduction in the interest of justice is warranted given the absence of extraordinary circumstances or an abuse of sentencing discretion (*see* CPL 470.15 [3] [c]; [6] [b]). Although County Court (McKeighan, J.) imposed the maximum sentence (*see* Penal Law § 70.00 [2]

[e]; [3] [b]), the plea agreement satisfied other pending, related charges, including a more serious felony. Defendant's remaining claims have been examined and determined to also lack merit.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.