People v Danzy (2020 NY Slip Op 02499)





People v Danzy


2020 NY Slip Op 02499


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

110096

[*1]The People of the State of New York, Respondent,
v
Jalah Danzy, Appellant.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.P.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered November 18, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In September 2015, defendant was charged by indictment with two counts each of burglary in the second degree and attempted robbery in the second degree. Following a hearing, Supreme Court denied defendant's motion to suppress certain of his pre-Miranda statements to law enforcement. Defendant thereafter entered a guilty plea to one count of burglary in the second degree and waived his right to appeal in full satisfaction of the indictment, as well as numerous other charges pending against him. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 12 years followed by five years of postrelease supervision. He appeals.
Initially, we find no merit to defendant's challenge to the validity of his appeal waiver. Supreme Court advised defendant that the waiver of his right to appeal was a condition of his plea agreement. Supreme Court thereafter explained that the waiver of the right to appeal was separate and apart from the trial-related rights that he was forfeiting by pleading guilty. Defendant indicated that he understood the separate and distinct nature of the appeal waiver and that he was in fact agreeing to waive that right. Defendant then executed a written appeal waiver in open court, which he reviewed with counsel and acknowledged that he had read and understood. That written waiver stated that, although defendant ordinarily retained the right to appeal, he was waiving it in consideration of the plea agreement.
Under all of the circumstances, we are satisfied that defendant, then a 27-year-old second felony offender with considerable experience with the criminal justice system (see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]), knowingly, voluntarily and intelligently waived his right to appeal (see People v Seaberg, 74 NY2d 1, 11-12 [1989]; People v Salmon, 179 AD3d 1404, 1404 [2020]; People v Almonte, 179 AD3d 1222, 1223 [2020]). In light of the valid appeal waiver, defendant's various challenges to the denial of his suppression motion and to the severity of the agreed-upon sentence are foreclosed (see People v Ramos, 179 AD3d 1395, 1396 [2020]; People v Inman, 177 AD3d 1167, 1168 [2019]; People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]).
Defendant's challenge to the voluntariness of his plea, which is premised entirely on the alleged ineffective assistance of counsel, survives his valid appeal waiver, but is unpreserved for this Court's review absent evidence of an appropriate postallocution motion (see People v Sabin, 179 AD3d 1401, 1402 [2020]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). Additionally, the narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements that were inconsistent with his guilt, negated an element of the crime or cast doubt upon the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). As to his direct claim of ineffective assistance of counsel, defendant's assertions that his various attorneys failed to communicate with him, inform him of plea offers and investigate an alibi, as well as his claim that he was pressured into pleading guilty, involve matters outside of the record and are, thus, more properly the subject of a CPL article 440 motion (see People v Derrig, 175 AD3d 1675, 1676 [2019], lv denied 34 NY3d 1127 [2020]; People v Williams, 163 AD3d 1172, 1173 [2018], lv denied 32 NY3d 1009 [2018]). Other alleged deficiencies, such as the quality of representation afforded to defendant during the suppression hearing, do not implicate the voluntariness of his plea and are therefore precluded by the valid appeal waiver (see People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]; People v Santos-Rivera, 86 AD3d 790, 791-792 [2011], lv denied 17 NY3d 904 [2011]). Lastly, although defendant's assertion that counsel failed to adequately explain the ramifications of the appeal waiver would impact the voluntariness of defendant's plea, to the extent that allegation may be resolved on the record before us (see People v Martinez, 166 AD3d 1376, 1377 [2018], lv denied 32 NY3d 1207 [2019]), it has not been preserved for our review (see People v Schmidt, 179 AD3d 1384, 1385 [2020]; People v Mastro, 174 AD3d 1232, 1233 [2019]).
Mulvey, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that judgment is affirmed.