People v Dolison (2020 NY Slip Op 07435)





People v Dolison


2020 NY Slip Op 07435


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

110443

[*1]The People of the State of New York, Respondent,
v
Samuel Dolison, Appellant.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 17, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant was charged in an indictment with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree stemming from his arrest following a search of his person that revealed crack cocaine. Defense counsel thereafter moved to suppress the crack cocaine, which motion Supreme Court denied following a hearing. Subsequently, the People amended the indictment by reducing the second count to criminal possession of a controlled substance in the fifth degree. Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge in satisfaction of the indictment and purportedly waived his right to appeal. After his plea, defendant made a pro se motion to withdraw his guilty plea and also indicated that he had fired his counsel. Supreme Court appointed new counsel to represent defendant and then denied the motion. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to two years in prison followed by one year of postrelease supervision, to run consecutively to the sentence imposed on a separate drug conviction. Defendant appeals.
We affirm. Contrary to his contention, defendant validly waived his right to appeal, both orally and in writing (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Williams, 185 AD3d 1359, 1360 [2020]). To that end, Supreme Court clearly advised defendant that his right to appeal was "separate and apart and independent" of the trial rights that he waived by virtue of his guilty plea, and that the waiver of appeal was part of the plea bargain. Supreme Court also advised defendant regarding the consequences of the appeal waiver. When asked if he understood the waiver of appeal and if he wished to enter into the waiver as part of the plea agreement, defendant responded affirmatively. Defendant also signed a written appeal waiver, after reviewing it with counsel, who informed the court that defendant indicated that he understood the waiver and had signed it. The written waiver specifically informed defendant that his waiver included "any issues regarding the sentence being harsh and/or excessive." Further, given that defendant, at the time of the plea, was a 46-year-old second felony offender with "considerable experience with the criminal justice system" (People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]; see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]), we find that defendant's waiver of appeal was knowing, voluntary and intelligent. Thus, defendant's challenges to the denial of his suppression motion and the severity of the agreed-upon sentence are precluded (see People v Andino, 185 AD3d 1218[*2], 1219 [2020], lv denied ___ NY3d ___ [Oct. 8, 2020]; People v Danzy, 182 AD3d at 921; People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]).
Defendant also contends that his guilty plea was not knowing, voluntary and intelligent due to his history of mental health issues. Initially, as noted by the People, there is no indication in the record that defendant's mental health issues were raised anytime during the plea proceedings, nor is there support for his claim that he was not thinking clearly at that time. To that end, Supreme Court engaged in a very detailed plea colloquy, and defendant communicated his understanding of the rights that he was forfeiting by pleading guilty. Simply stated, "the record fails to establish that defendant's mental health issues interfered with his ability to understand the proceedings or impacted the voluntary nature of his plea" (People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; see People v Gumbs, 169 AD3d 1119, 119-1120 [2019], lv denied 33 NY3d 1105 [2019]). Moreover, to the extent that defendant's mental health issues were mentioned by his newly assigned counsel at sentencing, this was in connection with the length of the sentence to be imposed and the services to be provided to defendant in prison, not with respect to the voluntariness of his plea (see People v Gumbs, 182 AD3d 701, 703 [2020], lv denied 35 NY3d 1066 [2020]). In view of the foregoing, we find that defendant's guilty plea was knowing, voluntary and intelligent.
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.