People v Williams (2020 NY Slip Op 08130)





People v Williams


2020 NY Slip Op 08130


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

111364

[*1]The People of the State of New York, Respondent,
v
Shaka Williams, Appellant.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Christian J. Root, Vestal, for appellant.
Letitia James, Attorney General, New York City (Matthew B. Keller of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of St. Lawrence County (Main Jr., J.), rendered June 21, 2019, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, criminal possession of a controlled substance in the third degree and offering a false instrument for filing in the first degree.
In 2017, defendant and 56 codefendants were indicted on various charges arising out of their involvement in a multicounty narcotics distribution scheme. Defendant was specifically charged with one count of conspiracy in the second degree, two counts of criminal possession of a controlled substance in the third degree, two counts of criminally using drug paraphernalia in the second degree and one count of criminal possession of a weapon in the fourth degree. Defendant thereafter moved, pursuant to CPL 210.20 (1) (b), for dismissal and/or reduction of the crimes charged in the indictment. County Court (Richards, J.) denied the motion.
Meanwhile, defendant — an alleged adherent of the so-called sovereign citizen's movement — filed a Uniform Commercial Code financing statement against real property owned by Judge Richards, claiming a debt owed of up to $4.5 million. In light of this conduct, Judge Richards recused himself from presiding over defendant's prosecution on the 2017 indictment; defendant was thereafter charged — in an indictment handed up in 2018 — with one count of offering a false instrument for filing in the second degree, two counts of offering a false instrument for filing in the first degree and one count of obstructing governmental administration in the second degree. County Court (Main Jr., J.) denied the People's motion to join the 2017 indictment and the 2018 indictment for trial.
Thereafter, through various motions made either pro se or with the assistance of counsel, defendant unsuccessfully sought dismissal of the 2017 indictment. In February 2019, after conferring with assigned counsel, defendant waived his right to a jury trial and proceeded to a bench trial. On the second day of trial, defendant accepted a plea deal. Specifically, in full satisfaction of the charges against him in the 2017 and 2018 indictments and in exchange for a specific sentencing commitment, defendant pleaded guilty to conspiracy in the second degree, criminal possession of a controlled substance in the third degree and offering a false instrument for filing in the first degree. Defendant was also required to waive his right to appeal as part of the plea agreement. Prior to sentencing, defendant moved to withdraw his guilty plea. County Court denied the motion. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 4½ to 9 years on the conspiracy conviction and to lesser concurrent prison terms on the remaining convictions. Defendant appeals.
We affirm. Initially, we find that defendant validly waived his right to appeal. As reflected in the [*2]plea colloquy, County Court informed defendant that an appeal waiver was a condition of his plea agreement and explained in detail the nature of the right to appeal, including that it was separate and distinct from the trial-related rights forfeited by a guilty plea. Although County Court was imprecise in stating that defendant would retain "only" the right to appeal speedy trial issues, matters of jurisdiction and a violation of the court's sentencing commitment, County Court made repeated references to defendant's "non-waivable rights"; thus, the record reflects that defendant was informed of and understood the critical "distinction that some appellate review survive[s]" a waiver of the right to appeal (People v Thomas, 34 NY3d 545, 561 [2019]). Defendant asked intelligible questions throughout the colloquy and, after exhausting his questions, confirmed that he understood the waiver of appeal and its ramifications. Defense counsel also affirmed that he had discussed the appeal waiver with defendant and believed defendant to understand the consequences of such waiver. Considering the totality of the circumstances, including defendant's prior experience with the criminal justice system, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Couse, 178 AD3d 1207, 1207 [2019], lv denied 35 NY3d 941 [2020]; People v Creighton, 137 AD3d 1328, 1328-1329 [2016], lv denied 27 NY3d 1130 [2016]).
Defendant also argues that, given his "delusional, confused, paranoid and agitated" behavior throughout the criminal proceedings, County Court should have, on its own initiative, conducted an inquiry into his competency to stand trial and to enter a guilty plea. Despite surviving his guilty plea and valid appeal waiver (see People v Seaberg, 74 NY2d 1, 9 [1989]; People v La Brosse, 7 AD3d 924, 924 [2004], lv denied 3 NY3d 642 [2004]), such argument is not preserved for our review, as defendant did not raise it in his motion to withdraw his guilty plea (see People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]). Moreover, the narrow exception to the preservation requirement was not triggered here, given that defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Hilts, 157 AD3d 1123, 1124 [2018]; People v Borden, 91 AD3d at 1125). In any event, were we to address the issue, we would find it to be without merit. A review of the record does not reveal a reasonable basis upon which to believe that defendant was incapable of understanding the proceedings, incompetent or otherwise incapacitated (see People v Hilts, 157 AD3d at 1124; see generally People v Morgan, 87 NY2d 878, 880 [1995]). Rather, the record reflects that defendant selectively exhibited behavior associated with adherents of the sovereign citizen's movement,[FN1] as well as other obstructionist behavior[*3].
Defendant further asserts that the 2017 indictment was jurisdictionally defective. Despite cloaking his argument as a jurisdictional challenge, defendant's assertions amount to a challenge to the factual sufficiency of the charges against him in the 2017 indictment. Such a challenge is precluded by defendant's valid waiver of his right to appeal, as well as his guilty plea (see People v Gannon, 167 AD3d 1163, 1164 [2018]; People v Dubois, 150 AD3d 1562, 1564 [2017]; People v Young, 100 AD3d 1186, 1188 [2012], lv denied 21 NY3d 1021 [2013]). To the extent that we have not addressed any of defendant's remaining arguments, they have been reviewed and found to be without merit.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Adherents of the sovereign citizen's movement "'follow their own set of laws' and, accordingly, 'do not recognize federal, state, or local laws, policies, or regulations' as legitimate" (United States v McLaughlin, 949 F3d 780, 781 n 1 [2d Cir 2019], quoting Sovereign Citizens: A Growing Domestic Threat to Law Enforcement, FBI Law Enforcement Bulletin [2011]). Throughout the proceedings, defendant referenced the Uniform Commercial Code, maintained that Supreme Court did not have jurisdiction over him and asserted that he was not "the defendant," but rather was a secured party creditor and a trustee of the defendant.