People v Keene (2021 NY Slip Op 01290)





People v Keene


2021 NY Slip Op 01290


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

110218

[*1]The People of the State of New York, Respondent,
v
Takiem Keene, Appellant.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Young, J.), rendered January 11, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On February 25, 2017, police stopped a green 2001 Subaru wagon being driven by defendant after observing several Vehicle and Traffic Law violations. Defendant was unable to provide the police with a driver's license but, after running his name through the Department of Motor Vehicles, police discovered that defendant's license was revoked and arrested him. A subsequent inventory search of the vehicle uncovered a .22 caliber revolver in a box on the rear passenger seat of the vehicle. Defendant was subsequently charged by indictment with criminal possession of a weapon in the second degree. Defendant filed an omnibus motion seeking to, among other things, suppress the revolver seized from the vehicle as well as certain statements that he made to police. Following a suppression hearing, County Court (Carter, J.) denied defendant's suppression motion, and defendant subsequently pleaded guilty to the indictment and waived his right to appeal. He was thereafter sentenced, as a second felony offender, in accordance with the plea agreement to a prison term of five years to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that, despite his waiver of appeal, he is not precluded from seeking review of the denial of his suppression motion because he did not specifically waive this right as part of the panoply of rights that he waived during his plea colloquy. We disagree. Although the plea allocution did not specifically indicate that defendant's right to appeal the suppression rulings was encompassed in his waiver of appeal, he is nevertheless precluded from appealing same "as no particular litany is required and a general, comprehensive waiver of appeal is sufficient for this purpose" (People v Feurtado, 172 AD3d 1620, 1620 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 931 [2019]). County Court (Young, J.) informed defendant that the waiver of his right to appeal was a part of his plea agreement and that it was separate and apart from the trial related rights that he was forfeiting by pleading guilty. Defendant indicated that he had adequate time to confer with his attorney and that he understood that he was foregoing his right to appeal his conviction. He then executed a written waiver of appeal in open court and, after reviewing same and conferring with his attorney, indicated that he understood it. Upon review, and in consideration of the fact that defendant is a 39-year-old second felony offender with experience in the criminal justice system, we are satisfied that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Dolison, 189 AD3d 1779, 1780 [2020]; People v Danzy, 182 AD3d 920, 922 [2020], lv denied 35 NY3d 1043 [2020[*2]]). Accordingly, given the validity of his appeal waiver, defendant is foreclosed from challenging the denial of his suppression motion (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]; People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]; People v Saunders, 162 AD3d 1217, 1218 [2018], lv denied 32 NY3d 1128 [2018]).
Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.