People v Taylor (2021 NY Slip Op 03220)





People v Taylor


2021 NY Slip Op 03220


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110728
[*1]The People of the State of New York, Respondent,
v
Timothy Taylor, Appellant.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 26, 2018, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
Pursuant to a negotiated agreement, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of attempted burglary in the third degree. Defendant pleaded guilty to that crime and was required, as part of the plea agreement, to waive his right to appeal. Consistent with the terms of the agreement, County Court sentenced defendant, as an acknowledged second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
We affirm. Defendant argues that his guilty plea was not knowing, voluntary and intelligent because his psychiatric condition rendered him incapable of understanding the proceedings. He further contends that he was deprived of the effective assistance of counsel based upon counsel's failure to request a competency exam pursuant to CPL article 730. These claims impact upon the voluntariness of his plea and, thus, survive any appeal waiver (see People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]), but were not preserved by a postallocution motion (see CPL 220.60 [3]; People v McClain, 165 AD3d 1345, 1346 [2018]; People v Park, 159 AD3d 1132, 1134 [2018], lv denied 31 NY3d 1085 [2018]). Upon consideration, we are not persuaded that his statements regarding his mental health cast doubt on his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Gumbs, 169 AD3d 1119, 1119 [2019], lv denied 33 NY3d 1105 [2019]), or that his request for corrective action in the interest of justice is warranted (see CPL 470.15 [3]).
Were the issues properly before us, we would find that a review of the plea proceedings, including defendant's participation, fails to demonstrate that his mental health "interfered with his ability to understand the proceedings or impacted the voluntary nature of his plea" (People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; see People v Dolison, 189 AD3d 1779, 1780-1781 [2020]; People v Park, 159 AD3d at 1134). Defense counsel, "'who was in the best position to assess defendant's capacity,'" indicated that they had discussed defendant's mental health and saw no need to raise the issue of his fitness or to request a CPL 730.30 examination (People v Park, 159 AD3d at 1134, quoting People v Gelikkaya, 84 NY2d 456, 460 [1994]). Thus, we would find that his guilty plea was knowing, voluntary and intelligent (see People v Dolison, 189 AD3d at 1780-1781) and reject his contention that counsel's failure to request a competency hearing constituted ineffective assistance (see People v Park, 159 AD3d at 1134; People v White, 153 AD3d 1041, 1042 [2017]). Further, we find [*2]that County Court (Sira, J.) did not abuse its discretion in accepting his plea without holding a competency hearing (see People v Chapman, 179 AD3d 1526, 1527 [2020], lv denied 35 NY3d 968 [2020]; People v Park, 159 AD3d at 1134).[FN1] To the extent that defendant relies on matters outside the record regarding, among other things, communications with counsel, they are more properly raised in a motion pursuant to CPL article 440 (see People v Williams, 184 AD3d 1010, 1013-1014 [2020], lv denied 35 NY3d 1097 [2020]).
Defendant's challenge to his sentence as harsh and excessive is not precluded by the waiver of appeal, which we agree is invalid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Avera, 192 AD3d 1382, 1382-1383 [2021]; People v LaPierre, 189 AD3d 1813, 1815 [2020], lv denied ___ NY3d ___ [Mar. 29, 2021]). Nonetheless, this issue is moot as defendant has already served his sentence and was recently released upon reaching his maximum expiration date (see People v Kehn, 173 AD3d 1564, 1564 [2019]; People v Evans, 159 AD3d 1226, 1227 [2018], lv denied 31 NY3d 1081 [2018]).
Lynch, J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The argument that County Court should have sua sponte ordered a competency exam need not be preserved (see People v Bickham, 189 AD3d 1972, 1976 [2020]; People v Chapman, 179 AD3d at 1527).