People v Jean-Pierre (2022 NY Slip Op 01347)





People v Jean-Pierre


2022 NY Slip Op 01347


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

110478
[*1]The People of the State of New York, Respondent,
v
Charlemagne Jean-Pierre, Appellant.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered December 12, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant was charged in a multicount indictment with various crimes after police officers with the City of Albany Police Department discovered narcotics and glassine bags in his bag and car. A suppression hearing was held, after which Supreme Court denied defendant's motion to suppress the seized items and statements made by defendant. Defendant thereafter pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. The plea called for defendant to be sentenced to a prison term of 5½ years, to be followed by three years of postrelease supervision. Defendant was also advised that, if he failed to appear at the scheduled time for sentencing, the court could sentence him to the maximum allowed. Defendant failed to appear for sentencing at the scheduled time because the bus that he intended to take was sold out. He nonetheless turned himself in later that same day. The court sentenced him to a prison term of six years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant's contention that he did not knowingly, voluntarily and intelligently waive his right to appeal rests solely on the notion that Supreme Court did not advise him that he would be giving up his right to have the suppression ruling reviewed on appeal. Any failure to do so, however, does not render the appeal waiver invalid. In this regard, "the waiver of appeal did not need to specify that it encompassed the right to appeal suppression rulings, . . . as no particular litany is required and a general, comprehensive waiver of appeal is sufficient for this purpose" (People v Feurtado, 172 AD3d 1620, 1620 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 931 [2019]; see People v Keene, 192 AD3d 1195, 1195-1196 [2021], lv denied 37 NY3d 957 [2021]; People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]). Accordingly, defendant's contention is without merit.[FN1]
In view of defendant's unsuccessful challenge to the appeal waiver, defendant is foreclosed from attacking the adverse suppression ruling (see People v Andino, 185 AD3d 1218, 1219 [2020], lvs denied 35 NY3d 1110, 1116 [2020]; People v James, 155 AD3d 1094, 1095 [2017], lv denied 30 NY3d 1116 [2018]) and the enhanced sentence as harsh and excessive (see People v Golden, 171 AD3d 1357, 1358 [2019]; People v Bateman, 151 AD3d 1482, 1484 [2017], lv denied 31 NY3d 981 [2018]). Despite any reservations that we may have concerning the imposition of the enhanced sentence, his request that we reduce it in the interest of justice is also foreclosed (see People v Martin, 125 AD3d 1054, 1055 [2015], lv denied 26 NY3d 932 [2015]; People v Jennings, 46 AD3d 1029, [*2]1029 [2007], lv denied 10 NY3d 766 [2008]; People v Romano, 45 AD3d 910, 913-914 [2007], lv denied 10 NY3d 770 [2008]). To the extent that defendant contends that his guilty plea was not made knowingly, voluntarily and intelligently, such contention survives regardless of the validity of the appeal waiver (see People v Smith, 188 AD3d 1357, 1357 [2020]). It is nonetheless unpreserved in the absence of a postallocution motion, and the narrow exception to the preservation rule is inapplicable (see People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]; People v Miller, 190 AD3d 1029, 1030 [2021]).
Garry, P.J., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant asserts that the appeal waiver was invalid due to the use of overbroad language, this assertion was improperly raised for the first time during oral argument. Even if properly before us, the combined oral and written waiver established that the appeal waiver was valid (see People v Thomas, 34 NY3d 545, 559-561 [2019]; People v Vatow, 190 AD3d 1162, 1163-1164 [2021], lv denied 36 NY3d 1101 [2021]).