People v Saunders (2022 NY Slip Op 02590)

People v Saunders

2022 NY Slip Op 02590

Decided on April 21, 2022

Fitzgerald, J.

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

112529
[*1]The People of the State of New York, Respondent,
v
Tori Saunders, Appellant.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Mark Schneider, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered August 13, 2018, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to promoting prison contraband in the first degree and purported to waive his right to appeal. County Court sentenced defendant, a second felony offender, to the agreed-upon sentence of 2 to 4 years, to run consecutively to the sentence that he is currently serving. Defendant appeals.
Defendant contends that his waiver of the right to appeal and his plea were not knowing, voluntary and intelligent and that County Court should have held a competency hearing pursuant to CPL article 730 given defendant's documented mental health issues. Defendant's challenges to the voluntariness of the plea survive the waiver of the right to appeal regardless of the appeal waiver's validity (see People v Taylor, 194 AD3d 1264, 1265 [2021], lv denied 37 NY3d 975 [2021]) and his challenge to his competency to enter a guilty plea cannot be waived (see People v Seaberg, 74 NY2d 1, 9 [1989]; People v Williams, 189 AD3d 1978, 1980 [2020], lv denied 37 NY3d 1165 [2022]). These claims, however, are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion nor does it reflect that his mental health cast doubt on his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Taylor, 194 AD3d at 1265; People v Williams, 189 AD3d at 1980-1981). In any event, were these contentions properly before us, we would find them to be without merit. The record does not reveal any reasonable basis upon which to believe that defendant was incapable of understanding the proceedings, incompetent or otherwise incapacitated to enter a knowing and voluntary plea or that a CPL article 730 competency hearing was warranted (see People v Williams, 189 AD3d at 1981; People v Gumbs, 169 AD3d 1119, 1119 [2019], lv denied 33 NY3d 1105 [2019]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.