People v Eley (2022 NY Slip Op 03288)

People v Eley

2022 NY Slip Op 03288

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

112768
[*1]The People of the State of New York, Respondent,
v
Lefone Eley, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Franklin County (Champagne, J.), rendered November 25, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.
In April 2019, defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the fourth degree and one count of criminal possession of a controlled substance in the fifth degree. Following a suppression hearing, County Court denied defendant's motion to suppress all evidence obtained by police, finding that it was recovered pursuant to a lawful traffic stop and subsequent vehicular search. Defendant thereafter pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. Consistent with the plea agreement, defendant executed a written waiver of appeal in open court and was sentenced, as a second felony offender, to a prison term of three years on each count, to run concurrently, followed by 1½ years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole challenge on appeal is to County Court's adverse suppression ruling. However, defendant's uncontested appeal waiver forecloses any such challenge (see People v Jean-Pierre, 203 AD3d 1226, 1227 [2022]; People v Hunter, 175 AD3d 1601, 1602 [2019], lvs denied 34 NY3d 1078, 1082 [2019]; People v Dorsey, 170 AD3d 1325, 1326 [2019], lv denied 33 NY3d 1068 [2019]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.