People v Mahood (2025 NY Slip Op 03227)

People v Mahood

2025 NY Slip Op 03227

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CR-23-1766
[*1]The People of the State of New York, Respondent,
v
Jeffrey J. Mahood, Appellant.

Calendar Date:April 23, 2025

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Todd G. Monahan, Schenectady, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered January 9, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was indicted and charged with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree. The charges stemmed from an incident wherein defendant discharged a loaded firearm inside of a local tavern. Following numerous appearances before County Court, various motions by defense counsel, a Huntley hearing and two competency examinations pursuant to CPL article 730, defendant pleaded guilty to criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of five years, to be followed by 2½ years of postrelease supervision. County Court denied defendant's subsequent request for a sentence that did not involve incarceration and imposed the agreed-upon term of imprisonment. This appeal by defendant ensued. We affirm.
Defendant's challenge to the voluntariness of his plea and his related ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea) are unpreserved for our review absent an appropriate postallocution motion (see People v Fernandez, 234 AD3d 1207, 1208 [3d Dept 2025]; People v Lunt, 232 AD3d 1054, 1055 [3d Dept 2024]; People v Werner, 227 AD3d 1273, 1273 [3d Dept 2024]), as is his assertion that County Court erred in accepting his plea without conducting a competency hearing (see People v Lomack, 219 AD3d 1646, 1647-1648 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]; People v Hilts, 157 AD3d 1123, 1124 [3d Dept 2018]; People v Duffy, 126 AD3d 1142, 1142 [3d Dept 2015]). The narrow exception to the preservation requirement was not triggered, as defendant "did not make any statements during the plea colloquy or at the time of sentencing that negated an element of the charged crime[ ], were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Prime, 233 AD3d 1182, 1183 [3d Dept 2024]; see People v Tucker, 222 AD3d 1038, 1041 [3d Dept 2023]; People v Penk, 220 AD3d 990, 991 [3d Dept 2023]). Nor does the record reflect that "defendant's mental health issues interfered with his ability to understand the proceedings" (People v Dolison, 189 AD3d 1779, 1780-1781 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1119 [2021]; see People v Saunders, 204 AD3d 1257, 1257 [3d Dept 2022]; People v Taylor, 194 AD3d 1264, 1265 [3d Dept 2021], lv denied 37 NY3d 975 [2021]; People v Gumbs, 169 AD3d 1119, 1119 [3d Dept 2019], lv denied 33 NY3d 1105 [2019]). Both of the psychiatrists who evaluated defendant found that he was competent to stand trial and assist in his defense. Neither defendant's unwavering insistence that his alleged conduct was protected [*2]by the Second Amendment nor County Court's observation that defendant "just plain [did not] get it" provides a "reasonable basis upon which to believe that defendant was incapable of understanding the proceedings, incompetent or otherwise incapacitated to enter a knowing and voluntary plea or that a CPL article 730 competency hearing was warranted" (People v Saunders, 204 AD3d at 1257; see People v Gumbs, 169 AD3d at 1119-1120).
Clark, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.