People v Host

2026 NY Slip Op 02301

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

David Host, Appellant.

Decided and Entered:April 16, 2026

113604

Calendar Date: March 20, 2026

Before: Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran And Ryba, JJ.

Richard L. Herzfeld, New York City, for appellant.

Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered April 29, 2022, convicting defendant upon his plea of guilty of the crime of murder in the first degree.

In February 2022, defendant pleaded guilty to murder in the first degree (multiple victims arising from the same criminal transaction) in satisfaction of an 11-count indictment charging him and his codefendant with various crimes stemming from an incident where they broke into a residence and killed two people. The plea agreement also required defendant to waive his right to appeal both orally and in writing. In accordance with the terms of the plea agreement, defendant was sentenced to a prison term of 25 years to life. Defendant appeals.

We affirm. "Defendant's challenge to the voluntariness of his plea survives his appeal waiver — regardless of its validity" (People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025] [citations omitted], lv denied 44 NY3d 1068 [2026]; see People v Oliveira, 244 AD3d 1411, 1411 [3d Dept 2025]). Defendant's challenge, however, to the voluntariness of his plea based upon his psychiatric history and a statement made during his presentence investigation that he did not intend to kill anyone when he entered the residence is unpreserved for our review as there is no indication that he made an appropriate postallocution motion despite having had ample opportunity to do so (see People v Clark, 246 AD3d 1150, 1151 [3d Dept 2026]; People v Mahood, 238 AD3d 1433, 1434 [3d Dept 2025], lv denied 44 NY3d 983 [2025]; People v Taylor, 194 AD3d 1264, 1265 [3d Dept 2021], lv denied 37 NY3d 975 [2021]). In addition, the narrow exception to the preservation requirement was not triggered as defendant made no statement during the plea proceeding that " 'clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea' " (People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *1 [2026], quoting People v Lopez, 71 NY2d 662, 666 [1988]). In any event, were we to consider defendant's claim upon the record before us including the plea minutes, we would find that there is no indication that defendant's mental health issues interfered with his ability to understand and participate in the plea proceedings or impacted upon the voluntariness of the plea (see People v Dolison, 189 AD3d 1779, 1780-1781 [3d Dept 2020], lv denied 36 NY3d 1119 [2021]; People v Taft, 169 AD3d 1266, 1267 [3d Dept 2019], lv denied 33 NY3d 1074 [2019]; People v White, 153 AD3d 1041, 1042 [3d Dept 2017]). Finally, defendant's challenge to the sentence imposed as unduly harsh and severe is foreclosed by his unchallenged appeal waiver (see People v Kozik, 235 AD3d 1065, 1066 [3d Dept 2025], lv denied 43 NY3d 964 [2025]).

Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.