People v Weygant
2026 NY Slip Op 03202
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Eric Weygant, Appellant.

Decided and Entered:May 21, 2026
113052
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Donnial K. Hinds, Albany, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

[*1]
Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered January 13, 2021, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant pleaded guilty to a single-count indictment charging him with assault in the second degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced to a prison term of three years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant's challenge to the voluntariness of his plea and the related claim that counsel was ineffective — to the extent that it impacts the voluntariness of the plea — survives regardless of the validity of the appeal waiver (see People v Herring, 224 AD3d 1042, 1043 [3d Dept 2024], lv denied 41 NY3d 983 [2024]; People v Sutton, 221 AD3d 1185, 1186 [3d Dept 2023], lv denied 41 NY3d 967 [2024]). That said, such contentions — which are premised on defendant's history of mental health issues — are unpreserved for our review as there is no indication that defendant made an appropriate postallocution motion despite having had ample opportunity to do so (see People v Clark, 246 AD3d 1150, 1151-1152 [3d Dept 2026]; People v Mahood, 238 AD3d 1433, 1434 [3d Dept 2025], lv denied 44 NY3d 983 [2025]; People v Taylor, 194 AD3d 1264, 1265 [3d Dept 2021], lv denied 37 NY3d 975 [2021]), and the narrow exception to the preservation requirement was not triggered here because the record does not reflect that defendant made any statement during the plea proceeding that " 'clearly casts significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea' " (People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *1 [2026], quoting People v Lopez, 71 NY2d 662, 666 [1988]). In any event, were we to consider the challenges raised by defendant, we would find them to be without merit as the record does not reflect that defendant's mental health issues interfered with his ability to understand and participate in the plea proceedings or impacted upon the voluntariness of the plea (see People v Mahood, 238 AD3d at 1434; People v Taft, 169 AD3d 1266, 1267 [3d Dept 2019], lv denied 33 NY3d 1074 [2019]; People v White, 153 AD3d 1041, 1042 [3d Dept 2017]).
To the extent that defendant challenges the severity of the sentence imposed, such challenge is moot as defendant has completed his prison term and period of postrelease supervision (see People v Oliveira, 244 AD3d 1411, 1411 [3d Dept 2025]).
Aarons, J.P., Powers, Corcoran and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.