People v Beam
2026 NY Slip Op 03704
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York Respondent,
v
Michael Beam, Appellant.

Decided and Entered:June 11, 2026
CR-25-0311
Calendar Date: May 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers And Corcoran, JJ.

Marshall Nadan, Kingston, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered September 17, 2024, convicting defendant upon his plea of guilty of the crime of attempted grand larceny in the third degree.
Defendant pleaded guilty to attempted grand larceny in the third degree. Under the terms of that plea agreement, he was to be sentenced, as a second felony offender, to 1½ to 3 years in prison and was required to waive the right to appeal. At the time of his plea, County Court advised defendant that it would not be bound by the sentencing commitment if he were charged with any criminal conduct prior to sentencing. The court then informed defendant that, if this were to occur, it could impose an enhanced sentence up to 2 to 4 years in prison. Prior to sentencing, defendant was arrested and charged with assault in the second degree and criminal possession of a weapon in the third degree. At sentencing, defendant waived an Outley hearing and agreed to a disposition that would include the dismissal of the new charges in exchange for the imposition of an enhanced sentence of 2 to 4 years in prison. County Court sentenced defendant, as a second felony offender, consistently with that new agreement, and defendant appeals.
We affirm. Defendant's procedural challenge to the imposition of the enhanced sentence is unpreserved for our review, given his waiver of an Outley hearing and his failure to otherwise challenge his postplea arrest, object to the enhanced sentence or move to withdraw his plea on this ground (see People v Haywood, 245 AD3d 1109, 1109-1110 [3d Dept 2026]; People v Gonzalez, 234 AD3d 1186, 1187 [3d Dept 2025]; People v Davis, 199 AD3d 1123, 1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]). To the extent that defendant challenges the voluntariness of his plea, his challenge is unpreserved for our review as the record does not reflect that he made an appropriate postallcution motion, and the narrow exception to the preservation rule is not implicated (see People v Romero, 247 AD3d 1364, 1366 [3d Dept 2026]; People v Jean-Pierre, 203 AD3d 1226, 1228 [3d Dept 2022], lv denied 38 NY3d 1033 [2022]).
Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.