People v Martin (2020 NY Slip Op 00644)





People v Martin


2020 NY Slip Op 00644


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109481

[*1]The People of the State of New York, Respondent,
v
Khalik Martin, Appellant.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Khalik Martin, Malone, appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered April 12, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
In satisfaction of a multicount indictment, defendant pleaded guilty to attempted assault in the first degree and waived his right to appeal. Supreme Court sentenced defendant in accordance with the terms of the plea agreement to a prison term of 7½ years followed by 2½ years of postrelease supervision. Defendant appeals.
Initially, we find that defendant's waiver of the right to appeal is valid. The record clearly reflects that defendant was advised that the waiver of appeal was a condition of the plea agreement, and defendant agreed to such condition. The record establishes that Supreme Court explained to defendant that ordinarily he would have the right to appeal his conviction and sentence, but, as a condition of the plea agreement, he was required to waive that right. Defendant then executed a written appeal waiver in open court, which he reviewed with counsel and acknowledged that he had read and understood. Although the court did not specifically use the language "separate and distinct" to explain defendant's appellate rights, no particular litany or catechism is required during the allocution, and we find that the record reflects that the court sufficiently distinguished defendant's right to appeal from the trial-related rights forfeited by the guilty plea (see People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___ [Nov. 4, 2019]; People v Douglas, 168 AD3d 1285, 1285-1286 [2019]). The court further ensured during the colloquy that, notwithstanding the overbroad language of the written waiver, "the counseled defendant understood the distinction that some appellate review survived" (People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *4 [2019]). Upon review, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Womack, 172 AD3d 1819, 1820 [2019], lv denied 33 NY3d 1110 [2019]; People v Walker, 166 AD3d 1393, 1393-1394 [2018]). Accordingly, the valid appeal waiver precludes defendant's challenges to the factual sufficiency of the plea allocution (see People v Womack, 172 AD3d at 1821; People v McDonald, 165 AD3d 1327, 1328 [2018], lv denied 32 NY3d 1175 [2019]) and the harshness of the sentence imposed (see People v Ward, 171 AD3d 1312, 1314 [2019], lv denied 33 NY3d 1074 [2019]).
Although not precluded by the appeal waiver, defendant's challenge to the voluntariness of the plea is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Pittman, 157 AD3d 1130, 1131 [2018], lv denied 31 NY3d 1085 [2018]; People v Lloyd, 142 AD3d 1250, 1251 [2016], lv denied 28 NY3d 1073 [2016]). Further, the narrow exception to the preservation rule is inapplicable. Although defendant initially indicated that he did not intend to cause serious physical injury to the victim, thereby negating an essential element of the crime, Supreme Court explained the definition of serious physical injury and satisfied its duty of further inquiry, after which defendant admitted that he intended to cause serious physical injury to the victim (see People v Danielson, 170 AD3d at 1432; People v Howe, 164 AD3d 951, 952 [2018], lv denied 32 NY3d 1112 [2018]; People v Reap, 163 AD3d 1287, 1288 [2018], lv denied 32 NY3d 1128 [2018]). Defendant's challenge to the effective assistance of counsel, to the extent that it impacts the voluntariness of the plea, is also unpreserved (see People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]; People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]). Further, defendant's challenge to the sufficiency of the evidence before the grand jury is not jurisdictional in nature and is foreclosed by his plea of guilty (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Hunter, 175 AD3d 1601, 1602 [2019], lv denied ___ NY3d ___ [Dec. 10, 2019]; People v McDonald, 165 AD3d at 1328).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.