People v Andino (2020 NY Slip Op 03950)





People v Andino


2020 NY Slip Op 03950


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

109693

[*1]The People of the State of New York, Respondent,
v
Walter Andino Jr., Also Known as Truth, Appellant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


David M. Abbatoy Jr., Rochester, for appellant, and appellant pro se.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Lynch, J.P.
Appeal from a judgment of the County Court of Broome County (Northrup Jr., J.), rendered August 11, 2017, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was charged by indictment with attempted murder in the second degree, assault in the first degree and two counts of criminal possession of a weapon in the second degree stemming from him assaulting and shooting the victim after chasing him from outside of a bar. He thereafter pleaded guilty to assault in the second degree in satisfaction of the indictment and waived his right to appeal. He was sentenced, in accordance with the plea agreement, to a prison term of seven years, followed by two years of postrelease supervision. Defendant appeals.
Initially, we find that defendant's appeal waiver is valid. The record reflects that, as part of his plea deal, defendant agreed to waive his right to appeal. During the plea colloquy, defendant confirmed on the record that he was pleading guilty freely and voluntarily, and that he had not been coerced or forced to do so. County Court then explained to defendant in detail that he was giving up certain trial-related rights by pleading guilty, and that, in addition to those trial-related rights, defendant was also agreeing to waive his "appellate rights which are a separate set of rights," which defendant confirmed that he understood ([emphasis added]; see People v Crawford, 181 AD3d 1057, 1058 [2020]; People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]). Defendant thereafter executed a written appeal waiver in open court with counsel present after defendant confirmed that he had understood it and had an adequate opportunity to review it with his counsel. Although the appeal waiver contained some overbroad language, it also informed defendant that "certain issues may survive both [his] guilty plea and this waiver, including constitutional speedy trial issues, competency matters, whether [his] plea and this waiver were knowingly, intelligently and voluntarily entered, and an illegal sentence, and may therefore be raised on appeal despite this waiver." As a result, "'the counseled defendant understood the distinction that some appellate review survived'" (People v Martin, 179 AD3d 1385, 1386 [2020], quoting People v Thomas, 34 NY3d 545, 561 [2019]; compare People v Martz, 181 AD3d 979, 980 [2020]; People v Barrales, 179 AD3d 1313, 1315 [2020]). Accordingly, we are satisfied that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Shindler, 179 AD3d 1306, 1308 [2020]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]). "In light of the valid appeal waiver, defendant's . . . challenges to the denial of his suppression motion and to the severity of the agreed-upon sentence are foreclosed" (People v Danzy, 182 AD3d 920, 921 [2020]; see People v Strack, 166 AD3d 1171, 1172 [2018], lv denied 32 NY3d 1210 [2019]).
Although defendant's contention that his arraignment was intentionally delayed survives his guilty plea and valid appeal waiver (see People v Thompson, 150 AD3d 1156, 1158 [2017], lv denied 30 NY3d 1023 [2017]), it is unpreserved for this Court's review as he failed to raise this issue before County Court (see People v Ramos, 99 NY2d 27, 30 [2002]). Were this issue preserved, we would find that there was no unreasonable delay of arraignment, as further investigation was necessary to determine the circumstances of the shooting and that defendant voluntary agreed to speak with the police and was provided with food, water and an opportunity to sleep (see People v Gause, 38 AD3d 999, 1000 [2007]). Finally, defendant's related assertion that the alleged delay in his arraignment violated his right to counsel is without merit, as the prompt-arraignment statute — CPL 140.20 (1) — does not implicate a constitutional right to counsel (see People v Ramos, 99 NY2d at 35-37).
Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.