People v Hernandez (2020 NY Slip Op 06416)





People v Hernandez


2020 NY Slip Op 06416


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

110903

[*1]The People of the State of New York, Respondent,
v
Ivan J. Hernandez, Appellant.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered March 27, 2018, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and strangulation in the second degree.
In satisfaction of an eight-count indictment, defendant pleaded guilty to burglary in the second degree and strangulation in the second degree. The plea agreement included a waiver of the right to appeal. County Court thereafter sentenced defendant, as a second violent felony offender, to a prison term of eight years, followed by five years of postrelease supervision, for his burglary conviction and to a lesser concurrent prison term on the remaining conviction. Defendant appeals.
We affirm. Initially, the record reflects that defendant's appeal waiver was knowing, intelligent and voluntary. County Court distinguished the right to appeal as separate and distinct from the rights forfeited by defendant's guilty plea, and defendant acknowledged his understanding of the waiver and its ramifications. Defendant also signed a written waiver and assured the court that he had discussed the waiver with counsel and understood its contents. Although the written waiver contained some overbroad language, it also informed defendant that certain issues survive the waiver, including the right to a speedy trial, competency matters, the legality of the sentence, the voluntariness of his guilty plea and "any other issue deemed non-waivable by a higher court," and indicated that such non-waivable issues could "be raised on appeal or other post-judgment collateral attack." Accordingly, under the totality of the circumstances, we are satisfied that "the counseled defendant understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Martin, 179 AD3d 1385, 1386 [2020]). As such, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Martin, 179 AD3d at 1386; compare People v Martz, 181 AD3d 979, 980 [2020], lv denied 35 NY3d 1047 [2020]).
Defendant challenges the voluntariness and factual sufficiency of his guilty plea to the charge of strangulation in the second degree; however, these challenges are not preserved for our review, as the record does not disclose that defendant made an appropriate postallocution motion (see People v Brito, 184 AD3d 900, 901 [2020]; People v Favreau, 174 AD3d 1226, 1227 [2019], lv denied 34 NY3d 980 [2019]). Contrary to defendant's contention, "this is not the 'rare case' that comes 'within the narrow exception to the preservation requirement' inasmuch as defendant's factual recitation did not actually negate an essential element of the crime to which he pleaded" (People v Devault, 124 AD3d 1140, 1141 [2015], lv denied 25 NY3d 989 [2015], quoting People v Worden, 22 NY3d 982, 985 [2013]; see People v Griffith, 136 AD3d 1114, 1114-1115 [2016], lv denied 28 NY3d 1184 [2017]; compare People v McMillan, 129 AD3d 1113, 1113-1114 [2015]).
Defendant's argument that County Court failed to comply with the procedural requirements of CPL 400.15 in determining him to be a second violent felony offender has not been preserved for our review given his failure to object at sentencing (see People v Howell, 178 AD3d 1148, 1149 [2019], lv denied 34 NY3d 1129 [2020]; People v Quinones, 162 AD3d 1402, 1403 [2018]; People v House, 119 AD3d 1289, 1290 [2014]). Defendant further contends that he was improperly sentenced as a second violent felony offender because the People's predicate felony statement did not comply with CPL 400.15 (2). His failure to raise any objection to the statement, however, renders this contention unpreserved (see People v Meckwood, 86 AD3d 865, 867 [2011], affd 20 NY3d 69 [2012]; People v McDowell, 56 AD3d 955, 956 [2008]; People v Ruffin, 42 AD3d 582, 582 [2007], lv denied 9 NY3d 881 [2007]). To the extent that defendant claims that his sentence is illegal and that he is not required to preserve these issues, the record reflects that defendant was provided the predicate felony statement and County Court discussed its contents with him at the plea proceeding. The prior felony occurred more than 10 years prior to the commission of his current crime and the statement contained the dates when defendant was incarcerated between the commission of the two crimes in order to toll the running of the statutory 10-year period (see CPL 400.15 [2]; Penal Law § 70.04 [1] [b] [v]). Although the statement failed to identify the place or places where defendant was incarcerated during the relevant time periods (see CPL 400.15 [2]), defendant admitted to the prior felony and does not dispute that he was incarcerated for the requisite time as reflected in the statement. Under these circumstances, we find substantial compliance with CPL 400.15 (see People v Wiltshire, 96 AD3d 1227, 1231 [2012], lv denied 22 NY3d 1204 [2014]; People v Leszczcynski, 96 AD3d 1162, 1164 [2012], lv denied 19 NY3d 998 [2012]; People v Wilson, 82 AD3d 797, 800 [2011], lv denied 16 NY3d 901 [2011]) and, therefore, find his arguments to be without merit.
Finally, we reject defendant's contention that County Court should have honored a previous plea agreement offer that contained a more lenient sentence. The record reflects that defendant expressly rejected that offer and, therefore, he has no right to specific performance thereof (see People v Anderson, 270 AD2d 509, 510-511 [2000], lvs denied 95 NY2d 792, 793 [2000]; People v Hamilton, 192 AD2d 738, 740 [1993]).
Garry, P.J., Lynch, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.