People v Thomas (2021 NY Slip Op 00337)





People v Thomas


2021 NY Slip Op 00337


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110695

[*1]The People of the State of New York, Respondent,
v
Malcolm Thomas, Appellant.

Calendar Date: January 4, 2021

Before: Egan Jr., J.P., Lynch, Mulvey, Reynolds Fitzgerald and Colangelo, JJ.


Theodore J. Stein, Woodstock, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered August 10, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a two-count indictment stemming from the possession of a loaded weapon, defendant pleaded guilty to criminal possession of a weapon in the second degree. Under the terms of the plea agreement, defendant was required to waive his right to appeal and executed a written waiver of appeal in court. County Court committed to imposing a prison term of six years, to be followed by five years of postrelease supervision. Following an evidentiary sentencing hearing, County Court imposed a lesser prison term of four years to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that his waiver of appeal was invalid, which he argues rendered his guilty plea invalid and requires that he be given the opportunity to withdraw his guilty plea and proceed to trial.[FN1] Upon review, we are persuaded that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 559-564 [2019]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). To that end, the record reflects that defendant was repeatedly advised that a waiver of appeal was a condition of the plea agreement and that he agreed to that condition, indicating that he understood it. County Court carefully explained the right to appeal and the appellate process and made clear that the waiver of appeal was a separate, additional requirement of the plea agreement, which was distinct from the trial-related rights that he had been advised were automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d at 256). Defendant also signed a written waiver of appeal and assured the court that he had reviewed it with counsel, understood and agreed to its terms and had no questions about the rights that he was giving up. The written waiver expressly provided that it applied "to all legal issues that can be waived under the law," supplying examples of the types of issues that would be precluded; although the allocution and written waiver did not expressly state that certain appellate issues survive an appeal waiver, we are satisfied that "the counseled defendant understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d at 561; accord People v Hernandez, 188 AD3d 1357, 1357 [2020]; see People v Martin, 179 AD3d 1385, 1386 [2020]).
With regard to defendant's argument that County Court mischaracterized his appellate rights by suggesting that his waiver of appeal would preclude all appellate claims, this contention is unsupported by the record. The remarks in issue were made while explaining to defendant the process before the trial court, when the court indicated that, after he pleaded guilty and waived [*2]his right to appeal, "all that is left is your sentence. You can't do anything more." In context, the court's comments did not impermissibly suggest that the waiver of appeal would result in an absolute bar to taking a direct appeal or the pursuit of other remedies (see People v Thomas, 34 NY3d at 558-559; compare People v Anderson, 184 AD3d 1020, 1020 [2020], lvs denied 35 NY3d 1064, 1068 [2020]; People v Brito, 184 AD3d 900, 900-01 [2020]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]).
Moreover, contrary to defendant's central argument on appeal, even were the waiver of appeal impermissibly broad and, therefore, invalid, it would not render his guilty plea involuntary so as to require that we invalidate the plea or entitle him to withdraw his guilty plea. Where a waiver of appeal is challenged on appeal and deemed unenforceable, the remedy is to find that the defendant has not waived his or her appellate rights (see CPL 450.10); in that case, the appellate court will not enforce the appeal waiver and will proceed to address the appellate issues raised on appeal that are reviewable in the absence of a valid appeal waiver. Indeed, when the Court of Appeals has disagreed with the Appellate Division and found a waiver of appeal to be invalid, it has reversed and remitted "for a determination of all issues raised but not determined below"; the Court has not vacated the guilty plea based upon the unenforceability of the appeal waiver (People v Lang, 34 NY3d 545, 567 [2019]; see People v Billingslea, 6 NY3d 248, 257 [2006]). Thus, an unenforceable appeal waiver does not automatically void a knowing, voluntary and intelligent guilty plea. Further, a defendant may challenge the voluntariness of a guilty plea regardless of the validity of a waiver of appeal (see People v Thomas, 34 NY3d at 558; People v Seaberg, 74 NY2d 1, 10 [1989]). Defendant here raises no arguments that his guilty plea was involuntary other than based upon the claimed invalidity of the waiver of appeal, which we have rejected. Defendant has not pointed to any aspect of the guilty plea itself that would warrant declaring his plea to be invalid, and we discern none (see People v. Haffiz, 19 NY3d 883, 884 [2012]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; see also People v Conceicao, 26 NY3d 375, 382—384 [2015]; People v Sougou, 26 NY3d 1052, 1054-1055 [2015]). Defendant raises no other issues on appeal.
Egan Jr., J.P., Lynch, Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's additional request, apparently in the alterative, is that he be allowed to "retain[] the promised sentence and the right to appeal." However, "a waiver of the right to appeal is not an absolute bar to the taking of a first-tier direct appeal" and, thus, a defendant always retains the right to appellate review (People v Thomas, 34 NY3d 545, 558 [2019]). Indeed defendant has exercised that right by bringing this appeal before this Court and did not need to seek any relief from this Court to do so. Defendant's request to "retain[] the promised sentence" — presumably referring to the lower four-year prison sentence imposed and not the higher six-year sentence to which County Court committed — does not require appellate relief. Where a conviction is affirmed, this Court may only modify a sentence where it is illegal (or remit for resentencing) or where we are persuaded by a defendant's contention that it is harsh and excessive, neither of which are argued on this appeal (see CPL 450.30, 470.15 [2] [c]; 470.20 [6]).