People v Rollins (2022 NY Slip Op 01840)





People v Rollins


2022 NY Slip Op 01840


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

110281
[*1]The People of the State of New York, Respondent,
v
Maurice M. Rollins, Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Robert C. Kilmer, Binghamton, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



McShan, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered September 8, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In July 2017, defendant and his codefendants were charged in an 81-count indictment with various crimes related to the repeated sale of controlled substances. In satisfaction of the 45 counts against him, and in exchange for a maximum prison sentence of eight years, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and agreed to waive his right to appeal, among other things. County Court thereafter sentenced defendant, pursuant to the terms of the plea agreement, to a prison sentence of six years followed by two years of postrelease supervision. Defendant appeals.
We affirm. Initially, we are unpersuaded by defendant's challenge to the validity of his appeal waiver on the basis that his counsel's alleged failure to adequately explain the waiver rendered defendant's agreement thereto unknowing. Our review of the record reveals that defendant was informed that the appeal waiver was a term of the plea agreement prior to pleading guilty, and County Court assured itself of defendant's understanding of the waiver by engaging in a lengthy discussion of the nature of the waiver and explaining that the right to appeal was separate and distinct from those rights automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hunt, 176 AD3d 1253, 1253-1254 [2019]). Defendant confirmed his understanding of the waiver throughout the court's discussion and, ultimately, that his agreement to waive his right to appeal was voluntary and made after discussing the matter with his counsel. Further, defendant reviewed with counsel and executed a written waiver of appeal that adequately described the nature and the scope of the appellate rights being waived, and the court thereafter confirmed defendant's understanding thereof. Under these circumstances, we are satisfied that defendant's appeal waiver was knowingly, voluntarily and intelligently entered (see People v Feltz, 190 AD3d 1027, 1028 [2021]; People v Dill, 179 AD3d 1354, 1354-1355 [2020]; compare People v Latifi, 171 AD3d 1351, 1351 [2019]). Accordingly, defendant's challenge to his agreed-upon sentence, based upon his allegation that County Court improperly relied upon its own subjective impressions of defendant's criminal activity in imposing the sentence, is precluded by his valid appeal waiver (see People v Blair, 148 AD3d 1426, 1426-1427 [2017], lv denied 29 NY3d 1029 [2017]; see also People v Yaw, 120 AD3d 1447, 1449 [2014], lv denied 24 NY3d 1005 [2014]).
Defendant next challenges the voluntariness of his plea based upon certain statements allegedly made by his defense counsel. Although his claim impacts upon the voluntariness of his plea and, thus, survives his appeal waiver, it is unpreserved [*2]for our review as the record fails to disclose that he made an appropriate postallocution motion (see People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]; People v Moore, 169 AD3d 1110, 1112 [2019], lv denied 33 NY3d 979 [2019]; People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]). We are unpersuaded by defendant's contention that the exception to the preservation rule applies based upon certain statements that he made at the beginning of the plea colloquy or as a result of his complaints to County Court regarding advice given to him by his counsel. In this regard, the record reflects that, after defendant voiced his concerns, the court conducted a thorough discussion with defendant regarding the nature of the plea agreement and the rights forfeited by pleading guilty, repeatedly reminded defendant that it was his decision whether to proceed with the plea agreement and further addressed defendant's confusion and concerns surrounding some of defense counsel's advice and strategies. Throughout the discussion, defendant assured the court of his understanding and, prior to entering the plea, defendant confirmed that he had discussed the matter with his counsel and that he was pleading guilty of his own volition and had not been coerced or threatened. Defendant then freely admitted to the conduct underlying the charge.
In view of the foregoing, we do not find that defendant's initial statements cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Thomas, 34 NY3d 545, 560 [2019]; People v Taylor, 194 AD3d 1264, 1265 [2021], lv denied 37 NY3d 975 [2021]; People v Barnes, 119 AD3d 1290, 1291 [2014], lv denied 25 NY3d 987 [2015]; People v Dale, 115 AD3d 1002, 1007 [2014]). To the extent that defendant's claims in this regard involve matters outside the record, they are more properly the subject of a CPL article 440 motion (see People v Aldous, 166 AD3d 1077, 1078-1079 [2018], lv denied 32 NY3d 1124 [2018]; People v Casolo, 142 AD3d 1247, 1248 [2016], lv denied 28 NY3d 1143 [2017]; People v Garry, 133 AD3d 1039, 1040 [2015], lv dismissed 27 NY3d 1046 [2016]).
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.