People v Gincerowski (2022 NY Slip Op 03152)

People v Gincerowski

2022 NY Slip Op 03152

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

112224
[*1]The People of the State of New York, Respondent,
v
Michael P. Gincerowski Jr., Appellant.

Calendar Date:April 15, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

John R. Trice, Elmira, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Benjamin E. Howlitt of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered November 15, 2019, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the first degree and aggravated driving while intoxicated.
In full satisfaction of a 17-count indictment, defendant agreed to plead guilty to one count each of vehicular manslaughter in the first degree and aggravated driving while intoxicated with the understanding that he would be sentenced to a prison term of 5 to 15 years upon the vehicular manslaughter conviction and to a three-year conditional discharge upon the aggravated driving while intoxicated conviction — said sentences to run consecutively. The charges stemmed from an incident resulting in the violent death of a 16-year-old cyclist, and the plea agreement required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the contemplated sentence. This appeal ensued.
We affirm. Initially, we reject defendant's assertion that his waiver of the right to appeal was invalid. County Court explained the separate and distinct nature of the waiver of the right to appeal and discussed with defendant the appellate rights that would survive such waiver (see People v Lapoint, 201 AD3d 1258, 1258 [2022]; People v Ballester-Perez, 195 AD3d 1234, 1235 [2021], lv denied 37 NY3d 970 [2021]; People v Thomas, 190 AD3d 1157, 1158 [2021]). In addition to assuring the court that he understood the appellate rights that he was relinquishing, defendant signed a written waiver in open court, which he confirmed that he had read, discussed with counsel and understood (see People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Hernandez, 188 AD3d 1357, 1358 [2020], lv denied 36 NY3d 1057 [2021]). Although the written waiver contains some overbroad language, it nonetheless made clear "that certain issues survive[d] . . ., including the right to a speedy trial, competency matters, the legality of the sentence, the voluntariness of [defendant's] plea and any other issue deemed non-waivable by a higher court" (People v Hernandez, 188 AD3d at 1358 [internal quotation marks omitted]; see People v Andino, 185 AD3d 1218, 1218 [2020], lvs denied 35 NY3d 1110, 1116 [2020]). Under these circumstances, "we are satisfied that the counseled defendant understood the distinction that some appellate review survived" (People v Hernandez, 188 AD3d at 1358 [internal quotation marks and citation omitted]; see People v Andino, 185 AD3d at 1218), and thus find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Rollins, 203 AD3d 1386, 1387 [2022]). In light of the valid appeal waiver, defendant's challenge to the perceived severity of his sentence is precluded (see People v Lapoint, 201 AD3d at 1258; People v Crampton, 201 AD3d 1020, 1021 [2022], lv denied 37 NY3d 1160 [2022]).
Lynch, J.P[*2]., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.