People v Baker (2023 NY Slip Op 05765)

People v Baker

2023 NY Slip Op 05765

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113644
[*1]The People of the State of New York, Respondent,
v
Wesley S. Baker, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered February 3, 2022, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant waived indictment and pleaded guilty to sexual abuse in the first degree as charged in a superior court information, admitting that he subjected a 12-year-old child to sexual contact by forcible compulsion when he was 18 years old. The plea agreement required that defendant waive his right to appeal and, during the plea proceedings, defendant orally waived that right and executed a written waiver of appeal. As part of the plea terms, defendant was advised that he was eligible for youthful offender [FN1] treatment but that County Court was making no promises and would decide that status at sentencing. At sentencing, the court reviewed the presentence report, denied youthful offender status, imposed a 10-year period of probation and issued a no-contact order of protection. Defendant appeals.
We affirm. Contrary to defendant's assertion, we find that his waiver of appeal is valid. County Court made clear that an appeal waiver was a condition of the plea prior to defendant pleading guilty, specified that this condition was separate and distinct from the trial-related rights that defendant would be forgoing by his guilty plea and explained the appellate process to defendant (see People v Lopez, 6 NY3d 248, 256 [2006]). The court also made clear that defendant retained the right to take an appeal and that certain issues were nonwaivable and survive the waiver. Defendant assured the court that he understood the appellate rights he would be giving up and those he would be retaining and had discussed the matter with defense counsel, and that he was waiving his right to appeal voluntarily (see People v Rollins, 203 AD3d 1386, 1387 [3d Dept 2022]). Defendant also signed a written waiver in open court, which he confirmed he had reviewed with counsel and understood. Although the written waiver contains some overbroad language, it nonetheless made clear, and expressly stated, that certain issues survived his plea and waiver, and listed several issues that were not waived (see People v Thomas, 34 NY3d 545, 553, 559 [2021]; People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]; People v Hernandez, 188 AD3d 1357, 1358 [3d Dept 2020], lv denied 36 NY3d 1057 [2021]). Under these circumstances, "we are satisfied that the counseled defendant understood the distinction that some appellate review survived" and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (People v Park, 206 AD3d 1173, 1173 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Gincerowski, 205 AD3d at 1153). Consequently, defendant's argument that County Court abused its discretion by declining to grant him youthful offender status is foreclosed by his valid appeal waiver (see People v Pacherille, 25 [*2]NY3d 1021, 1024 [2015]; People v Burke, 199 AD3d 1170, 1171 [3d Dept 2021]).
Garry, P.J., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant was 18 years old at the time of the January 2017 crime charged (see CPL 720.10 [1]).