People v Morse (2024 NY Slip Op 04637)

People v Morse

2024 NY Slip Op 04637

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

113187
[*1]The People of the State of New York, Respondent,
v
Cody D. Morse, Appellant.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Carolyn B. George, Albany, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered August 19, 2021, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant was charged by indictment with two counts of burglary in the first degree. At a pretrial hearing, defense counsel notified County Court of the possibility of a conflict of interest regarding four prior clients being called as witnesses against defendant if the case went to trial, including a codefendant. The court continued the matter, advising defendant that it might have to assign new counsel if the matter went to trial. At a subsequent appearance, defendant agreed to plead guilty to a reduced charge of attempted burglary in the second degree, with the understanding that he would be sentenced to no more than four years in prison, and he waived his right to appeal. The court sentenced defendant, as a second felony offender, to 3½ years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal is valid. County Court advised defendant that a waiver of the right to appeal was a condition of his plea agreement and explained that the waiver of appeal was separate and distinct from the rights forfeited by his guilty plea, and defendant indicated his understanding thereof (see People v Gayle, 221 AD3d 1061, 1061 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]; People v Dobbs, 217 AD3d 1275, 1276 [3d Dept 2023]). The court further explained that defendant retained the right to take an appeal and that certain issues were nonwaivable and survive the appeal waiver, and defendant affirmed that he understood that he retained certain rights, that he had discussed the matter with counsel and that he was voluntarily waiving his right to appeal (see People v Baker, 221 AD3d 1198, 1198-1199 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]; People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]). Defendant also executed a written appeal waiver and confirmed that he had reviewed the waiver with counsel and understood its contents. Although the written waiver contained some overbroad language, it advised defendant of the appellate rights that are not encompassed by the waiver (see People v Sindoni, 226 AD3d 1218, 1219 [3d Dept 2024]; People v Wint, 222 AD3d 1050, 1050-1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Baker, 221 AD3d at 1199; People v Gincerowski, 205 AD3d at 1153).
Even assuming that defendant's further contention that he was denied the effective assistance of counsel due to a potential conflict of interest survives his valid appeal waiver, it is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Patterson, 177 AD3d [*2]1027, 1028 [3d Dept 2019], lv denied 34 NY3d 1131 [2020]; People v Marshall, 173 AD3d 1257, 1259 [3d Dept 2019]). In any event, if we were to consider the argument, there is no indication in the record that counsel was simultaneously representing other clients with opposing interests so as to create an actual conflict or that counsel's prior representation created a potential conflict that affected, operated on or bore a substantial relation to the conduct of the defense (see People v Sanchez, 21 NY3d 216, 223 [2013]; People v Thomas, 217 AD3d 1125, 1126-1127 [3d Dept 2023], lv denied 40 NY3d 1013 [2023]). To the extent that there is evidence supporting defendant's claim that is outside the record, that is more properly the subject of a CPL article 440 motion (see People v Patterson, 177 AD3d at 1028).
Pritzker, Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.