People v Lewis (2025 NY Slip Op 00498)

People v Lewis

2025 NY Slip Op 00498

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

113468
[*1]The People of the State of New York, Respondent,
v
Melvin C. Lewis, Appellant.

Calendar Date:January 9, 2025

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Lynch, JJ.

John A. Cirando, Syracuse, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered April 11, 2022, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
In 2021, defendant was charged by indictment with aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated, driving while intoxicated and the traffic infraction failure to maintain lane. The charges stemmed from an incident earlier that year during which defendant operated a motor vehicle with a 0.23% blood alcohol content while knowing his license and/or operating privilege to drive in this state was revoked due to a prior driving while intoxicated conviction. Defendant subsequently, pursuant to a negotiated disposition, pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated and waived his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to one year in jail for his conviction of aggravated unlicensed operation of a motor vehicle in the first degree and to a one-year conditional discharge, along with the condition that an ignition interlock device be installed in any vehicle owned or operated by defendant, for his conviction of driving while intoxicated. Defendant appeals.
Initially, defendant contends that his waiver of the right to appeal is invalid. We disagree. The record reflects that defendant was advised that a waiver of appeal was required as part of the plea agreement, a term that he accepted, and that County Court explained during the plea colloquy that the waiver of appeal was "completely separate and apart" from the trial-related rights that he was automatically forfeiting by his guilty plea, and defendant indicated that he understood. Defendant then confirmed that he had signed the written waiver of appeal after reviewing it with his attorney, who had answered his questions, and that he understood that he was waiving the rights as set forth therein. "Although the written waiver contained some overly broad language, it accurately advised defendant that certain issues are nonwaivable, and delineated some of the rights that survive the waiver" (People v Sindoni, 226 AD3d 1218, 1219 [3d Dept 2024]; see People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]). "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived" (People v Gincerowski, 205 AD3d at 1153 [internal quotation marks and citations omitted]).
Although the valid appeal waiver does not preclude defendant's challenge to the voluntariness of his plea (see e.g. People v Grafton, 230 AD3d 1335, 1335 [2d Dept 2024], lv denied 42 NY3d 1035 [2024]), this claim is not preserved for our review as the record does not reflect that defendant made an appropriate [*2]postallocution motion (see People v Rodriguez, 228 AD3d 1179, 1179 [3d Dept 2024]; People v Stevens, 217 AD3d 1280, 1280 [3d Dept 2023], lv denied 40 NY3d 952 [2023]). Further, defendant made no statements during the plea colloquy to trigger the narrow exception to the preservation requirement warranting further inquiry by County Court (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Favreau, 174 AD3d 1226, 1228 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).
Defendant argues that counsel was ineffective for failing to make a motion to dismiss the indictment on statutory speedy trial grounds. This claim, however, is unpreserved given his failure to raise it in a postallocution motion despite having had an opportunity to do so (see People v Thompson, 193 AD3d 1186, 1187 [3d Dept 2021]; People v Feltz, 190 AD3d 1027, 1028-1029 [3d Dept 2021]; People v Heverly, 165 AD3d 1320, 1321 [3d Dept 2018], lv denied 32 NY3d 1112 [2018]). In any event, the alleged failure to make a motion to dismiss on speedy trial grounds implicates matters outside of the record that are better explored in a CPL article 440 motion (see People v Horton, 166 AD3d 1226, 1228 [3d Dept 2018]; People v Ward, 161 AD3d 1488, 1488-1489 [3d Dept 2018], lv denied 32 NY3d 942 [2018]; cf. People v Marshall, 173 AD3d 1257, 1258 [3d Dept 2019]). To the extent defendant independently asserts he was denied his statutory right to a speedy trial (see CPL 30.30), the valid appeal waiver precludes this claim (see People v Sitts, 232 AD3d 995, 996 [3d Dept 2024]; People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]).
Finally, we agree with the parties that the April 28, 2022 uniform sentence and commitment form mistakenly omits defendant's conviction for driving while intoxicated. Accordingly, the uniform sentence and commitment form must be amended to correctly reflect defendant's conviction for this offense, and we remit for that purpose (see People v Gibbs, 232 AD3d 937, 938 n [3d Dept 2024]).
Garry, P.J., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.