People v Sheehan (2025 NY Slip Op 05277)

People v Sheehan

2025 NY Slip Op 05277

Decided on October 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 2, 2025

CR-22-2253
[*1]The People of the State of New York, Respondent,
v
Michael A. Sheehan, Appellant.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Adam H. Van Buskirk, Auburn, for appellant, and appellant pro se.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered February 22, 2022, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
Defendant was charged in a seven-count indictment with various weapon- and drug-related offenses. Following the appointment of a special prosecutor, the assignment of new defense counsel and various pretrial motions and hearings, defendant was afforded the opportunity to plead guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree with the understanding that he would be sentenced, as a second violent felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision, upon his conviction of criminal possession of a weapon in the second degree and to a lesser, concurrent sentence upon the remaining conviction. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. Following an unsuccessful pro se motion to withdraw his plea and an application for a writ of habeas corpus, County Court imposed the agreed-upon sentence, and this appeal ensued.
We affirm. To the extent that defendant's amended pro se supplemental brief may be read as challenging the validity of his waiver of the right to appeal, we find such claim to be unpersuasive. Although the written waiver executed by defendant contained some overbroad language, both the written waiver itself, which defendant confirmed he had reviewed with counsel and understood, and County Court's oral waiver colloquy explained the separate and distinct nature of the waiver and made clear that defendant nonetheless retained certain appellate rights. Under these circumstances, we are satisfied that defendant understood that some appellate review survived the appeal waiver and that he knowingly, intelligently and voluntarily waived his right to appeal (see People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Morse, 230 AD3d 1471, 1472 [3d Dept 2024]; People v Baker, 221 AD3d 1198, 1198-1199 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]; People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]).
In light of the valid appeal waiver, defendant's assertion that he was denied his statutory right to a speedy trial (see CPL 30.30) is precluded (see People v Berry, 236 AD3d 1199, 1201 n [3d Dept 2025]; People v Lewis, 234 AD3d at 1210; People v Sitts, 232 AD3d 995, 996 [3d Dept 2024]; People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]; People v Dennis, 206 AD3d 1369, 1371 [3d Dept 2022]). Defendant's related argument — that the People failed to comply with certain discovery demands and, hence, their certificate of compliance was [*2]illusory — "was forfeited by defendant's unchallenged guilty plea" (People v Berry, 236 AD3d at 1200; see People v McLean, 226 AD3d 1178, 1180 n 1 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]). Finally, defendant's claim that he was denied his constitutional right to a speedy trial is unpreserved for our review, as none of the various motions filed in this matter were predicated upon this ground (see People v Fisher, 221 AD3d 1355, 1359 [3d Dept 2023], lv denied 40 NY3d 1092 [2024]; People v Persaud, 219 AD3d 983, 985 [3d Dept 2023], lv denied 40 NY3d 998 [2023]; People v Rivera, 201 AD3d 1132, 1134 [3d Dept 2022]; People v Votaw, 190 AD3d 1162, 1164 [3d Dept 2021], lv denied 36 NY3d 1101 [2021]). In any event, much of the approximately 13-month delay here can be attributed to extensive motion practice, various pretrial hearings, the appointment of a special prosecutor, the appointment of new counsel for defendant and delays occasioned by the COVID-19 pandemic (see People v Hatch, 230 AD3d 908, 914 [3d Dept 2024], lv denied 42 NY3d 1020 [2024]). Hence, were we to address this issue, we would find — upon due consideration of the relevant factors (see People v Taranovich, 37 NY2d 442, 445 [1975]) — that defendant was not denied his constitutional right to a speedy trial. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.