People v Bonser (2025 NY Slip Op 06932)

People v Bonser

2025 NY Slip Op 06932

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CR-23-2006
[*1]The People of the State of New York, Respondent,
vMatthew R. Bonser, Appellant.

Calendar Date:November 14, 2025

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Mackey and Corcoran, JJ.

John R. Trice, Elmira, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Kevin Dooley, J.), rendered December 17, 2021, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, burglary in the first degree and assault in the second degree.
In satisfaction of a 16-count indictment, defendant pleaded guilty to attempted murder in the second degree, burglary in the first degree and assault in the second degree and agreed to waive his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to concurrent prison terms of 20 years, to be followed by five years of postrelease supervision, on the attempted murder and burglary convictions and to a lesser concurrent prison term on the assault conviction. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of his right to appeal is invalid. Defendant was aware that waiving his right to appeal was a condition of the plea agreement, and County Court explained that such appeal waiver was separate and distinct from the rights forfeited by his guilty plea and that he nevertheless retained certain appellate rights, which defendant acknowledged he understood. Defendant also executed a written appeal waiver and, although it contained some overbroad language, defendant confirmed that he had reviewed it with counsel and understood the rights he was waiving and those he retained. Upon our review of the oral colloquy and written waiver, we are satisfied that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Sheehan, ___ AD3d ___, ___, 2025 NY Slip Op 05277, *2 [3d Dept 2025]; People v Gonzalez, 234 AD3d 1186, 1186-1187 [3d Dept 2025]; People v Morse, 230 AD3d 1471, 1472 [3d Dept 2024]). Given the valid appeal waiver, defendant's challenge to the perceived severity of the sentence imposed is foreclosed (see People v Murauskas, 240 AD3d 1007, 1009 [3d Dept 2025], lv denied 43 NY3d 1057 [2025]; People v Rowe, 239 AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]).
Garry, P.J., Clark, Reynolds Fitzgerald, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.