People v Lugo (2025 NY Slip Op 07410)

People v Lugo

2025 NY Slip Op 07410

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-08207
 (Ind. No. 329/21)

[*1]The People of the State of New York, respondent,
vJustin Lugo, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Isabelle Earl on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered April 25, 2022, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his waiver of the right to appeal was invalid and, therefore, his plea of guilty should be vacated. However, even if the defendant did not validly waive his right to appeal, "it would not render his guilty plea involuntary so as to require that we invalidate the plea or entitle him to withdraw his guilty plea" (People v Thomas, 190 AD3d 1157, 1159). Instead, we would not enforce the appeal waiver and would proceed to address the issues raised on appeal that are reviewable in the absence of a valid appeal waiver (see id.; see also People v Murray, 169 AD3d 227, 233). "Thus, an unenforceable appeal waiver does not automatically void a knowing, voluntary and intelligent guilty plea" (People v Thomas, 190 AD3d at 1159).
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182). However, the defendant's claim is reviewable on direct appeal because he faced a practical inability to move to withdraw his plea, since he entered a plea of guilty and was sentenced in the same proceeding (see People v Sougou, 26 NY3d 1052, 1054; People v Conceicao, 26 NY3d 375, 382). In any event, the defendant's contention is without merit. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and a plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301; see People v Javiel, 231 AD3d 967; People v Marinos, 209 AD3d 875, 875-876). Here, the record demonstrates that the defendant understood the charges and made a voluntary and intelligent decision to enter the plea.
Moreover, the defendant's contention that the plea was rendered involuntary because the brief factual allocution was conducted by the prosecutor is without merit. "The Supreme Court conducted the initial voir dire, and to the extent that the prosecution directed questions as part of the [*2]plea allocution, the court supervised such voir dire and it did not constitute an abrogation of the court's responsibility" (People v Singh, 158 AD3d 824, 825; see People v Linares, 116 AD3d 792).
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court